**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 16 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| Mansour Yousef Suleiman Ramadneh, | No. 21-872 |
| Petitioner, | Agency No. A216-554-698 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2023[**]
Pasadena, California

Before: PAEZ, CHRISTEN, and MILLER, Circuit Judges.

Mansour Yousef Suleiman Ramadneh, a native and citizen of Jordan, petitions for review of an order of the Board of Immigration Appeals affirming an immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. *See Taslimi v. Holder*, 590 F.3d 981, 986 (9th Cir. 2010). Where, as here, the Board "expressed agreement with the reasoning of the [immigration judge]," we review both decisions. *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013). We review the agency's findings of fact for substantial evidence, and we review questions of law de novo. *Id.*

Although an application for asylum must generally be filed within one year of the applicant's arrival in the United States, an exception is available when "changed circumstances . . . materially affect the applicant's eligibility for asylum." 8 U.S.C. § 1158(a)(2)(D). Under that exception, "[t]he applicant shall file an asylum application within a reasonable period given those 'changed circumstances.'" 8 C.F.R. § 1208.4(a)(4)(ii). Ramadneh entered the United States in May 2014, but he did not apply for asylum until March 2020.

Substantial evidence supports the Board's determination that the changed circumstances that materially affected Ramadneh's eligibility for asylum occurred in May 2018, when he told his family that he had decided to become a Christian, and, in response, his brother threatened to kill him. Substantial evidence also supports the Board's determination that it was unreasonable for Ramadneh to wait nearly two years after that change in circumstances to file for asylum. Whether a period of delay is reasonable depends on the "particular circumstances" of each case. *Wakkary v. Holder*, 558 F.3d 1049, 1058–59 (9th Cir. 2009). Ramadneh argues that his wait was reasonable because he thought

that conversion required a longer process to become an "actual member of the Christian church." Supporting that argument, Ramadneh cites *Taslimi*, in which an applicant waited seven months after her religious conversion to apply for asylum because she wanted "to be sure of the sincerity of her faith." 590 F.3d at 988. We held that the delay in *Taslimi* was reasonable, but Ramadneh's situation is different. Ramadneh waited much longer than seven months, and even if he believed that his conversion process was not entirely complete, he still considered himself a Christian, and the threats from his brother made him aware that he already faced danger at home because of his faith. He also failed to submit evidence that he took steps to complete his conversion during this time.

The motion for a stay of removal (Dkt. No. 3) is denied.

**PETITION DENIED.**